No. 19,294.

LEONARD A. MUES *v.* THE CITY & COUNTY OF DENVER,
ET AL.
(359 P. [2d] 1032)

Decided March 6, 1961.

Plaintiff in error, pro se.

Mr. DONALD E. KELLEY, Mr. EARL T. THRASHER, Mr. HANS W. JOHNSON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties as they appeared in the trial court and as they appear here.

Plaintiff brought the action seeking injunctive relief to prevent the proposed construction of a street in the vicinity of his home and to enjoin the city from assessing a portion of the costs of the improvements to his property. Upon motion of the city to dismiss for the reason and upon the ground "that the petition fails to state a claim upon which relief may be granted" the court dismissed the action, denied a motion for rehearing and entered final judgment.

Whether the petition does state a claim and whether the court could grant any relief to the plaintiff, is the sole question.

At the time of the filing of the action, the formation of the proposed improvement district had not progressed beyond the planning stage. Plaintiff's action, therefore, was anticipatory. It was obvious on the face of the complaint that neither the allegations of the complaint nor the prayer would entitle him to an injunction preventing the construction of the proposed street. If, as plaintiff claimed, he was not and should not be within the proposed district, he would have no right in equity to enjoin the construction as he was suing only for himself and not for all of the other property owners in the proposed district. As to his fears for the assessment and possible attempt to collect thereon, his action was premature.

After dismissal of the action and while writ of error was pending here, the city council began and completed the legislative machinery necessary to the final establishment of the district. Notice of a public hearing preparatory to enactment of the assessment ordinance was given pursuant to city charter. Plaintiff did not participate in that hearing and did not appear to protest the assessment ordinance as to his property. Thereafter the assessment ordinance was enacted by city council. The time within which suit could be filed challenging the validity of the ordinance expired without any action. At the time plaintiff instituted his suit he could not be

sure nor could the court anticipate that his property would finally be included in the district or that the assessment as provided in the ordinance would be disproportionate to the benefits accruing to his property.

That the court could not enjoin the enactment of the ordinance is elementary. Any action challenging the assessment or its collection would have to be brought at the time the assessment was actually being made. All of these prerequisites occurred subsequent to filing of this action, and cannot be construed as to affect actions of council occurring subsequent to the institution of the suit.

The judgment of the trial court was correct and is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.